UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Barbara Burrola,<br><br>                                  Plaintiff,<br><br>          -v.-<br>Resurgent Capital Services L.P. and<br>LVNV Funding, LLC,<br><br>                                  Defendant(s). | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Barbara Burrola, a Florida resident, brings this Complaint by and through her attorneys, against Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV"), and respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of Florida, County of Lee, residing at 4214 Coronado Pkwy, Cape Coral, Florida 33904.

7. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 55 Beattie Pl, Greenville, SC 29601.

8. Upon information and belief, Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address also at 55 Beattie Pl, Greenville, SC 29601.

10. Upon information and belief, LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the above allegations as if set forth here.

12. Some time prior to November 9, 2020 Plaintiff allegedly incurred a debt to Credit One Bank, N.A.

13. The alleged debt arose out of non-payment for personal purchases made on a credit card.

14. The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

15. The debt was then transferred to LVNV.

16. Upon information and belief, LVNV contracted with Resurgent to collect the alleged debt.

17. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 9, 2020 Letters*

18. On or about November 9, 2020 Resurgent, on behalf of LVNV, sent Plaintiff two letters regarding the alleged debt owed. Copies of these letters are attached as Exhibit A.

19. The first letter states, "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of the debt. To make a payment, please contact us at the toll free number provided".

20. The letter concludes, "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

21. The second letter states that defendants have "initiated a review of the inquiry we recently received. For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187."

22. The second letter further states, "Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid."

23. The second letter concludes, "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

24. The letters from Defendants are confusing and deceptive.

25. The second letter leads Plaintiff to believe that her account is already under review and that she does not need to dispute the debt, but the thirty-day dispute notice suggests the opposite by stating that she has thirty days to dispute the debt.

26. In addition, if Defendants already validated the debt, it was confusing or deceptive for Defendants to state "Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid".

27. This language confused Plaintiff because Plaintiff did not want the debt to be assumed valid and, according to the language in the letter, was required to dispute the debt again.

28. This deception and confusion is compounded because the second letter is dated the same day as the first letter.

29. It appears to Plaintiff that additional steps are necessary to dispute the debt.

30. The statements in the letters are therefore deceptive and confusing as to Plaintiff's rights and what additional actions Plaintiff must take, if any.

31. Alternatively, the letters are deceptive and misleading because Plaintiff's 1692g rights were not yet exercised.

32. A debt collector is required, pursuant to 15 U.S.C. § 1692g (a) to include certain notices in an initial collection letter.

33. "Within five days after the initial communication with a consumer in connection with the collection of any debt" a debt collector must "send the consumer a written notice containing "A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector".

34. Here, even if she had disputed the debt prior, Plaintiff's § 1692g rights were not implicated until she had received the § 1692g notice, which was included for the first time in the second letter.

35. Therefore, any prior inquiry, review, and validation existed separate and apart from Plaintiff's statutory rights under § 1692g.

36. Despite Plaintiff's prior actions, Plaintiff could exercise her new rights pursuant to §1692g and dispute the debt within thirty days of the second letter.

37. Yet the first letter, dated the same day states "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of the debt" making it appear (incorrectly) as if Plaintiff can no longer exercise her §1692g rights.

38. Additionally, the suggestion that Plaintiff call to discuss for further assistance misled her by implying that a phone call is sufficient to discuss all facets of the account including disputing

the debt, when in reality, in order to properly assert all her rights, Plaintiff must put the dispute in writing.

39. Plaintiff suffered, inter alia, informational, emotional, and monetary injuries of, respectively, confusing information, being pressured to take or not to take various actions, and the cost of dealing with these actions including retaining counsel to protect her rights.

40. Plaintiff was also injured by being forced to waste time due to Defendants' improper collection activities.

41. As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats the above allegations as if set forth here.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated § 1692e by using false representations and/or deceptive means to collect the alleged debt.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

47. Plaintiff repeats the above allegations as if set forth here.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

50. Defendant violated this section by unfairly attempting to collect the alleged debt.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

52. Plaintiff repeats the above allegations as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

4. portion thereof, the debt will be assumed to be valid by the debt-collector;

5. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

6. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55. Defendant violated 15 U.S.C. § 1692g by overshadowing the required notices.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Barbara Burrola demands judgment from Defendant Resurgent Capital Services L.P. and LVNV as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:
April 30, 2021

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com

*Attorneys for Plaintiff*